UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO: _____

**CODY MAX BECKER,**
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

**MOBILESPHERE LLC D/B/A SLYDIAL,**

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## PLAINTIFF-MOVANT CODY MAX BECKER'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH NON-PARTY SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff-Movant Cody Max Becker ("Plaintiff") respectfully moves this Court for an order compelling the production of documents subpoenaed from Mobilesphere LLC d/b/a Slydial ("Slydial") and awarding Plaintiff his reasonable costs and fees associated with the preparation and filing of this motion. In support thereof, Plaintiff states as follows:

### PRELIMINARY STATEMENT

Plaintiff is the named plaintiff and proposed class representative in an action pending before the Southern District of Florida entitled *Becker v. Keller Williams Realty, Inc. and Kristan Cole,* Case No. 19-cv-81451 (the "Action"). A copy of the operative Complaint is attached hereto as **Exhibit A.** In the Action, Plaintiff alleges that Defendant Keller Williams Realty, Inc and Kristan Cole ("Defendants"), knowingly and willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") by sending unsolicited telemarketing prerecorded messages in violation of consumers' privacy rights.

Plaintiff has learned that the prerecorded messages in question were sent by Defendant Kristan Cole a realtor associated with the Defendant, Keller Williams Realty, Inc using the technology from Mobilesphere LLC d/b/a Slydial ("Slydial").  Slydial is a resident of Boston, Massachusetts and was served through its Registered Agent Toufic Mobarek on April 9, 2020. *See* Business Entity Summary from the State of Massachusetts and Return of Service (attached hereto as **Exhibit B**). The Subpoena and Rider served upon Slydial are attached hereto as **Exhibit C**.

Despite being properly served**,** Slydial Failed to respond to the Subpoena by the due date of April 24, 2020. Slydial did however finally respond to Plaintiff Counsel's email and request an extension till May 14, 2020, which Plaintiff granted. Unfortunately, Slydial did not comply with the subpoena. Copies of the email exchange between the undersigned and Slydial are attached hereto as **Exhibit D**. To date, Plaintiff has not received a single document to his subpoena from Slydial.

The documentation sought by Plaintiff identify the class and is relevant and necessary for Plaintiff to prosecute his action.

## ARGUMENT

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena, which provides, in pertinent part, that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g).  Here, Plaintiff issued a valid subpoena to Slydial, seeking highly relevant information regarding class information at the heart of this action. Slydial was properly served with the Subpoena and now refuses to fully respond. Accordingly, the Court

should compel Slydial to comply with the Subpoena and produce responsive documents immediately.

Lastly, the Court should also award the reasonable fees and costs to Plaintiff for having to prepare and file this motion, which could have been easily avoided here. Given Slydial's refusal to respond fully, Plaintiff's fees and costs for bringing this motion are the appropriate sanction. Indeed, a subpoena issued on behalf of a federal court should be treated as a court order. *DeVolk v. JBC Legal Grp., P.C.*, 2008 U.S. Dist. LEXIS 32257, at *4 (M.D. Fla. 2008) (citing Fed. R. Civ. P. 45(a) advisory committee note (1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Accordingly, Slydial should thus bear all reasonable costs incurred by Plaintiff in connection with the relief sought herein. *See Wouters v. Martin Cnty.*, 9 F.3d 924, 933 (11th Cir. 1993).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests the entry of an order: (1) compelling non-party Slydial to comply with the subpoena; (2) awarding Plaintiff his reasonable costs and fees in bringing this motion, and (3) awarding any other relief the Court deems just and necessary. If the Court is inclined to award fees and costs, Plaintiff respectfully requests that she be allowed ten days to submit the necessary documents supporting the award.

## LOCAL RULE 7.1 CERTIFICATION OF COUNSEL

Plaintiff's undersigned counsel hereby represents that he has complied with the requirements of Local Rule 7.1. Plaintiff was unable to get Slydial to comply with the subpoena properly served upon them.

Dated: July 29, 2020

        */s/ Jason Campbell*
        Jason R. Campbell, Esq.
        250 First Ave.
        Unit 602
        Charlestown, MA 02129
        **JasonRCampbell@ymail.com**

        **HIRALDO P.A.**
        Manuel S. Hiraldo, Esq.
        (*pro hac vice* forthcoming)
        401 E. Las Olas Boulevard Suite 1400
        Ft. Lauderdale, Florida 33301
        Email: mhiraldo@hiraldolaw.com
        Telephone: 954.400.4713

*Counsel for Plaintiff*